1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL ANTHONY HARRIS, | CASE NO. 08cv1229 WQH (POR) |
|---|---|
| Petitioner, | **ORDER** |
| vs. | |
| LARRY SMALL, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation filed by Magistrate Judge Louisa S. Porter.  (Doc. # 20).

## BACKGROUND

On July 2, 2008, Petitioner Michael Anthony Harris, a state prisoner proceeding *pro se*, initiated this action by filing his Petition for Writ of Habeas Corpus in the United States District Court for the Central District of California. (Doc. # 1).  Petitioner challenges his conviction for robbery on the grounds that (1) there was insufficient evidence to support his conviction; and (2) the trial court improperly denied his motion for substitute counsel, resulting in ineffective assistance of counsel. *Id.* at 5.  On July 9, 2008, the action was transferred to the United States District Court for the Southern District of California. (Doc. # 3).  On September 4, 2008, Respondent Larry Smalls filed a Motion to Dismiss Petition for Writ of Habeas Corpus. (Doc. # 9).  Respondent contended the petition was untimely. (Doc. # 9-1 at 3).  On

April 14, 2009, the Court denied the Motion to Dismiss, holding that Petitioner was entitled to equitable tolling.  (Doc. # 16).

On June 9, 2009, Respondent filed an Answer to the Petition.  (Doc. # 18).  The Memorandum of Points and Authorities in support of Respondent's Answer contends the state courts reasonably denied Petitioner's claim that the evidence was insufficient to support his conviction and Petitioner's claim that the trial court erred in failing to provide substitute counsel.  (Doc. # 18-1 at 5, 7-8).

On June 30, 2009, Petitioner filed a traverse.  (Doc. # 19).

On February 19, 2010, the Magistrate Judge issued a Report and Recommendation ("R&R") which recommends that the Petition be denied.  (Doc. # 20).   The R&R concludes that "the state appellate court reasonably concluded that there was ample evidence to support a rational trier of fact's conclusion that Petitioner committed the robbery."  *Id.* at 7.  The R&R concludes that the state appellate court's decision properly relied on the evidence offered at trial that a man with the same weight, height, build, and skin tone touched an item at the crime scene subsequently recovered with Petitioner's print on it.  *Id.* at 6-7.  The R&R addresses the two issues raised by Petitioner's second claim separately.  *Id.* at 7 n. 2.  First, the R&R concludes that the state appellate court correctly held that the trial court did not commit constitutional error in denying Petitioner's *Marsden* motion for substitute counsel.  *Id.* at 8-9; *see also People v. Marsden*, 2 Cal. 3d 118 (1970).  Applying *Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc), the R&R concludes the trial court properly addressed the *Marsden* motion for substitute counsel by assigning a different judge to preside over a closed, *ex parte* hearing where the court gave Petitioner an opportunity to explain his concerns with his current counsel and heard testimony from Petitioner's counsel about his view on their disagreements.  *Id.* at 9.  The R&R concludes this record shows Petitioner's differences with his counsel were "over a matter of trial tactics, which does not mandate granting a motion for substitution of counsel."  *Id.* at 10.  Second, the R&R concludes that Petitioner has failed to demonstrate that his trial attorney's performance was deficient.  *Id.* at 11-12.  Although Petitioner contends "his attorney presented no meaningful defense by rejecting pursuit of an

1    alibi defense" after investigating Petitioner's alibi and concluding it was weak, the R&R

2    concludes that Petitioner's trial counsel presented a defense based on the weakness of the

3    prosecution's case. *Id.*

4         The R&R informed the parties that any party may file an objection no later than March

5    22, 2010 and that any reply shall be filed no later than fourteen days after being served with

6    the objections. *Id.* at 12-13.  On March 24, 2010, Petitioner filed a Motion for Enlargement

7    of Time to Respond to the Report and Recommendations. (Doc. # 22).  The Court granted the

8    motion on March 29, 2010.  On April 13, 2010, Petitioner filed his objection to the R&R.

9    (Doc. # 24).  Respondent did not file any objections or response to Petitioner's objection.

10        In his objection, Petitioner objects to the Magistrate Judge's conclusion that the state

11   court's decision on the sufficiency of the evidence was neither an unreasonable application of

12   *Jackson v. Virginia*, 443 U.S. 307, 314-318 (1979), nor based on an unreasonable

13   determination of the facts.  (Doc. # 24 at 2).  Petitioner contends the Magistrate Judge erred

14   because the evidence does not permit a rational fact-finder to conclude that he is guilty beyond

15   a reasonable doubt.  *Id.*  Petitioner contends the circumstantial evidence against him "at least

16   equally supports guilt and innocence."  *Id.*  Petitioner contends there was no evidence that a

17   tile recovered from a stolen vehicle with Petitioner's fingerprint on it was the same tile which

18   witnesses saw one of the robbers touch.  *Id.* at 3-4.  Petitioner contends his print is only

19   evidence that he was a "curious passerby or an accessory after the fact" who encountered the

20   stolen vehicle, not evidence that he was involved in the robbery.  *Id.* at 4.

21        In the event that the Court adopts the conclusion of the R&R and denies the Petition,

22   Petitioner requests a Certificate of Appealability allowing him to appeal his case pursuant to

23   *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  (Doc. # 24 at 5).  Petitioner contends he has made

24   a sufficient showing that he was denied a constitutional right to merit a Certificate of

25   Appealability and contends that reasonable jurists could debate whether he is entitled to relief.

26   *Id.* at 6-8.

27                              **STANDARD OF REVIEW**

28        The duties of the district court in connection with the Report and Recommendation of

a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C § 636(b).  The district judge "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b).  The district court need not review *de novo* those portions of a Report and Recommendation to which neither party objects.  *Wang v. Masaitis*, 416 F.3d 992, 100 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

## ANALYSIS

Petitioner objected to the Magistrate Judge's conclusion that the state appellate court's determination that sufficient evidence supports his conviction is not contrary to or an unreasonable application of clearly established federal law.  The Court therefore reviews this portion of the R&R *de novo*.

In reviewing a conviction for sufficiency of the evidence, a court must "determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).  The reviewing court must "view[] the evidence in the light most favorable to the verdict."  *Id.* at 319.  In federal habeas review of a state court conviction, the federal court must defer to a state appellate decision denying relief pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d)(1), and may only reverse the state appellate decision if it is "an objectively unreasonable" application of the standard established in *Jackson*.  *See Saruasad v. Porter*, 479 F.3d 671, 677 (9th Cir. 2007).

Here, the Court must "look through" the California Supreme Court's summary denial of the petition and examine the state appellate court's decision because it was the last reasoned decision in Petitioner's state court appeal.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-806 (1991).

The state appellate court determined that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt because

> [T]he physical evidence of Harris's fingerprint on the jewelry store tile insert . . . supports the verdict.  Fingerprints are evidence of identity and ordinarily will

- 4 -

suffice to identify the perpetrator of a crime, and the jury is entitled to draw its own inferences as to how the defendant's prints came to be on the object and when.  Harris does not contend the fingerprint evidence in this case was not an accurate match of his fingerprints to the finger on the tile.  A man with the same height, weight, build, and skin tone as Harris was seen reaching his gloveless hand into the drawer from which the tile was taken, and the tile (along with other detritus of the robbery) was then abandoned less than an hour later in a stole car in a parking lot many miles from the site of the robbery. . . . [T]here is ample evidence to support a rational trier of fact's conclusion that the most logical explanation was Harris touched the tile during the robbery and then abandoned it shortly thereafter in a car earlier stolen to provide a getaway vehicle.

(Lodgment # 6 at 5-6).  The Court concludes that this determination was neither contrary to or an unreasonable application of the standard established by the Supreme Court in *Jackson v. Virginia.*  The Magistrate Judge correctly determined that the forensic evidence combined with the circumstantial evidence linking it to the robbery is sufficient to sustain Petitioner's conviction.

Petitioner did not object to the Magistrate Judge's conclusion that his *Marsden* claim and his ineffective assistance of counsel claim should be denied.  The Court concludes the Magistrate Judge correctly determined that these claims should be denied.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding.  *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons in the order dismissing the petition, the Court concludes that jurists of reason would not find it debatable whether this Court was correct in denying the petition.

1

**CONCLUSION**

2      **IT IS HEREBY ORDERED THAT** (1) the Report and Recommendation (Doc. # 20)

3  is **ADOPTED** in its entirety; and (2) the Petition for a Writ of Habeas Corpus is **DENIED**.

4

5  DATED:  June 11, 2010

6

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv1229 WQH (POR)