# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY HARRIS,<br><br>　　　　　　　Petitioner,<br>vs.<br>LARRY SMALL, Warden,<br><br>　　　　　　　Respondent. | CASE NO. 08cv1229 WQH (POR)<br>**ORDER** |

HAYES, Judge:

The matter before the Court Petitioner's Motion for Certificate of Appealability. (ECF No. 34).

**BACKGROUND**

On July 2, 2008, Petitioner Michael Anthony Harris, a state prisoner proceeding *pro se*, initiated this action. (ECF Nos. 1, 3). On February 19, 2010, the Magistrate Judge issued a Report and Recommendation ("R&R") which recommended that the Petition be denied. (ECF No. 20). On June 11, 2010, this Court issued an Order Adopting the R&R and denying the Petition for Writ of Habeas Corpus. (ECF No. 25). The Court declined to issue a Certificate of Appealability regarding the denial of the Petition. *Id.* at 5. On June 14, 2010, Judgment was entered. (ECF No. 26).

On December 30, 2010, Petitioner filed a Motion to Reopen Time to File Notice of Appeal and Vacate Dismissal (ECF No. 28). On February 4, 2011, this Court issued an Order

denying Petitioner's Motion to Reopen Time to File Notice of Appeal and Vacate Dismissal. (ECF No. 31). The Court stated as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
>> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>> (C) the court finds that no party would be prejudiced.
>
> Fed. R. App. P. 4(a)(6). The district court does not have jurisdiction to grant a motion to reopen time to appeal which is not filed within rule's time constraints. *Vahan v. Shalala,* 30 F.3d 102, 103 (9th Cir. 1994) ("Because [petitioner] did not file a motion with the district court [within the time set by Fed. R. App. P. 4(a)(6)], the district court did not have authority ... to reopen or extend the time for filing a notice of appeal."); *see also Nunley v. City of Los Angeles*, 52 F.3d 792, 794-95 (9th Cir. 1995) (citing *id.*). "[T]he 180-day limit of Rule 4(a)(6) provides the outer boundary for [motions pursuant to Rule 4]." *Nunley*, 52 F.3d at 797.
>
> On June 14, 2010, judgment was entered in this case and Petitioner received notice of the entry of judgment. Even if the 180-day period applied, it ended on December 13, 2010. Petitioner filed the Motion on December 20, 2010, and attached a proof of service dated December 27, 2010. The Court does not have jurisdiction to grant Petitioner's request.

(ECF No. 31 at 1-2). On March 16, 2011, Petitioner filed a Motion for Certificate of Appealability (ECF No. 34). Petitioner seeks a certificate of appealability from this Court's Order denying Petitioner's Motion to Reopen Time to File Notice of Appeal and Vacate Dismissal. (ECF No. 31).

## **CERTIFICATE OF APPEALABILITY**

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents a

substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in the Court's Order denying Petitioner's Motion to Reopen Time (ECF No. 31), the Court concludes that jurists of reason would not find it debatable whether this Court should reopen the time for Petitioner to file an appeal.

## CONCLUSION

It is hereby ordered that Petitioner's Motion for Certificate of Appealability (ECF No. 34) is denied.

DATED: March 21, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge